# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ALFRED WARREN GILBERT, ) | No.10-03093-01-CR-S-RED |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Defendant filed a Motion to Suppress [Doc. #26-1], to which the government responded [Doc. #29]. The matters were set for an evidentiary hearing, which was held before the undersigned on August 30, 2011. The defendant was present with counsel, Robert D. Lewis, and the United States was represented by Timothy A. Garrison, Assistant United States Attorney.

Defendant seeks suppression of all evidence seized from his cell phone as a result of a traffic stop on February 18, 2009.

In the government's response, it was submitted that there are no factual disputes, just questions of law. Counsel for defendant agreed that there was not a factual dispute with one exception. It is defendant's position that, while he did give his permission to search his vehicle, he did not give the officer permission to search and seize the cell phone. The government contends that the search of the cell phone was not unlawful because there is no warrant requirement when a search is authorized by voluntary consent.

The government called Mr. David Zuhlke. On February 18, 2009, he worked for the

1

Springfield Police Department. He stopped defendant's vehicle because he noticed that it had expired plates. He had also noticed the vehicle earlier at a tattoo shop, about which he had information regarding methamphetamine distribution. Therefore, the traffic stop also involved his suspicions concerning this truck having been at the tattoo shop. When he made contact with the driver of the pick-up truck, he asked for identification. Without looking up at the officer, defendant reached into his wallet and offered the officer a folded $100.00 bill. He determined that the driver was defendant, Alfred Gilbert, with a passenger, Wendy Loding. Ms. Loding did not have any identification, and based on the officer's experience, often when people don't have identification, they are lying about who they are. Therefore, the officer had defendant exit the vehicle and called for back-up. He asked defendant if there was anything illegal in the vehicle, and he said there was not. He asked if he could search the vehicle, and defendant said that he didn't mind. The officer also asked defendant if he had anything illegal on his person, and he said he did not. Defendant then allowed himself to be searched by Officer Brewer, a back-up officer. The officer located a spoon in defendant's pocket, with a slightly bent handle, which is indicative of some type of powder drug use. Officer Zuhkle asked defendant about drug use, and he admitted he had used methamphetamine in the past, but not recently. The officer testified that when defendant consented to the search of his truck or his person, he did not limit the scope of the search in any way. The officer searched his truck, while defendant stood at the front of the vehicle. He was not handcuffed, under arrest, in the patrol car, or otherwise removed from the area at the time of the search. The officer, in searching the vehicle, looked underneath the passenger's side seat and found a makeup-type bag. Inside he found a small amount of marijuana, a small amount of what he believed to be methamphetamine, a cut piece of straw, and a pipe. This would indicate a drug user or distributor. He also found a bottle of pills on the dash.

2

Additionally, he found a silver cell phone, flip style, lying on the dash. Defendant was standing in front of the truck, and from his vantage point, he could have seen the cell phone on the dash. Defendant did not object to Officer Zuhlke picking up the phone, opening it, and looking in it for text messages. The officer testified that defendant, from where he was standing, could see him manipulating the phone. The officer was standing outside the truck, and did not shield his actions in any way. Defendant did not object at all to what the officer was doing. The officer found messages "that were somewhat encrypted." [Tr. 11]. Based on his experience, they had to do with drug distribution or use. He found text messages from Drake Cox, the owner of the tattoo shop, regarding what appeared to be drug transactions. The officer considered the text messages to be relevant to the drug investigation, which was the larger context of the traffic stop he had made. He did not ask defendant for consent to seize the phone, because he considered it to be part of the evidence that was seized from the truck.

On cross examination, the officer testified that he did not arrest defendant the day of the stop. When he found the phone, he was sure it was on the dash. There were two phones in the truck and he seized them both. He did not specifically ask permission to look at the phone. Additionally, when he decided to seize the phone, he did not ask defendant for consent to do that.

Regarding whether Officer Zuhkle's search exceeded the scope of defendant's consent, defendant contends that he did not consent to the search or seizure of his cell phone, which was in the vehicle. He contends that the evidence should be suppressed because the search was conducted without a warrant.

The scope of consent to search is generally determined by "what . . . the typical reasonable person [would] have understood by the exchange between the officer and the suspect[.]" Florida v.

Jimeno, 500 U.S. 248, 251 (1991). In this circuit, it has been recognized that "the typical reasonable person" would understand a suspect's general consent to search a vehicle for drugs to include consent to open unlocked containers within the vehicle, id., access apparently false compartments, United States v. Ferrer-Montoya, 483 F.3d 565, 568-69 (8th Cir. 2007), and "search any part of the truck where [drugs] might be stored." United States v. Siwek, 453 F.3d 1079, 1085 (8th Cir. 2006).

The government asserts that the search of the cell phone was authorized by defendant's unqualified consent to search his truck, in reliance on Jimeno. "The scope of a search is generally defined by its expressed object." 500 U.S. at 251. In this case, while the officer never stated his intent to search for criminal drug activity, it is argued that a reasonable person would have believed that a search for evidence of drug activity was authorized by defendant's consent. The officer found drug paraphernalia on defendant's person, he admitted to previously using drugs, and he had tried to bribe the officer. Additionally, defendant had just been at a suspected drug trafficker's business. Therefore, it is argued that defendant, in giving his consent, had to have reasonably understood that the officer was looking for evidence of drug activity. The Court agrees. Also persuasive is the fact that defendant was in the immediate vicinity during the search, he could apparently easily see what was going on, and he did nothing to limit the scope of the search of the cell phone and its contents, nor to curtail it. Therefore, the Court finds that defendant's consent extended to the search and seizure of the cell phone, and that there is no basis for suppression.

The government also argues that the search was legal under the automobile exception to the warrant requirement. The undersigned has previously addressed this issue in United States v. Stringer, 10-5038-01-CR-SW-GAF. In that case, this Court concluded that the majority position appears to favor a holding that cell phones should be viewed as containers for purposes of Fourth

4

Amendment law.  Therefore, it was the recommendation of this Court that under the totality of the circumstances, the automobile exception to the Fourth Amendment's warrant requirement justified the officer's search of defendant's cell phone.  That recommendation was adopted by the District Court on August 30, 2011.

The automobile exception permits the warrantless search of any container in an vehicle if probable cause exists to believe that the container holds evidence of a crime, either at the time of the arrest or at some point thereafter.  In Stringer, this Court concluded that the defendant's cell phone was a "container," for purposes of the automobile exception.  In rendering the decision, the Court relied in part on the fact that pagers and cell phones have been held by several circuits to constitute recognized tools of the drug trade.  E.g. United States v. Nixon, 918 F.2d 895, 900 (11th Cir.1990); United States v. Lazcano-Villalobos, 175 F.3d 838, 844 (10th Cir.1999) ("[C]ellular telephones are recognized tools of the drug-dealing trade."); United States v. Sasson, 62 F.3d 874, 886 (7th Cir.1995) (describing possession of cell phones, among several other objects, as one of "the usual 'trappings' of a person involved in the drug trade").  The Court concluded that the automobile exception to the Fourth Amendment's warrant requirement gave the officer latitude to search defendant's cell phone, as it would allow the search of other closed containers in the vehicle.

In this case, even if defendant's consent is construed as not having extended to his cell phone, the Court finds that there is no basis to suppress the search and seizure of defendant's cell phone, because it was lawful under the automobile exception to the Fourth Amendment's warrant requirement.

Based on the foregoing, the Court finds that it must be recommended that Defendant's Motion to Suppress be denied.

Therefore, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that Defendant's Motion to Suppress be denied.

        /s/ James C. England
        JAMES C. ENGLAND
        United States Magistrate Judge

Date: 9/30/11